Angel MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

James R. GARRISON, Appellant,

v.

The STATE of Texas, Appellee.

Robert C. BANKS, Appellant,

v.

The STATE of Texas, Appellee.

David GORDON, Appellant,

v.

The STATE of Texas, Appellee.

Ervin L. OKELEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–87–559–CR to A14–87–563–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 10, 1987.

Charles R. Young, Houston, for appellants.

Gilbert D. Douglas, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is a consolidated appeal from orders affirming convictions for the violation of a City of Houston ordinance regulating adult arcades. Issues concern the constitutionality of the ordinance. We affirm.

On August 6, 1985, the City Council of the City of Houston passed Ordinance No. 85–1337 regulating adult arcades. The ordinance acted as an amendment by adding a new Article II to Chapter 28 of the Code of Ordinances of Houston, Texas. It requires any person who owns, operates, manages, or conducts any business in an adult arcade to first obtain a permit from the police chief for that adult arcade. Violation of this ordinance constitutes a misdemeanor punishable by fine.

Each of the appellants was charged with operating an adult arcade without a permit in violation of the ordinance. Each was brought to trial and convicted in municipal court in Houston. They filed motions for new trial which were denied; appellants

then individually appealed to the county criminal court at law for appellate review of their convictions. The county courts affirmed each conviction. On appeal to this court, appellants bring identical points of error challenging the constitutionality of the ordinance regulating adult arcades.

■ Under appellants' first point of error, they claim that the ordinance is vague and thus in violation of the first and fourteenth amendments to the United States Constitution. The portions of the ordinance of which appellants complain are found in § 28–81 of the ordinance which provides in part:

> *Adult arcade* shall mean any 'premises' to which members of the public or members of any club, group or association are admitted and permitted to use one or more 'arcade devices'.
>
> *Arcade device* shall mean any coin or slug operated or electronically or mechanically controlled machine or device that dispenses or effectuates the dispensing of 'entertainment', that is intended for the viewing of five or fewer persons in exchange for any payment of any consideration.
>
> . . . . .
>
> *Premises* shall mean a building, provided that if a building has been physically divided into separate units that each have their own individual means of ingress or egress to the exterior of the building and which are offered by lease or otherwise for separate use and control, then it shall refer to each such separate unit.

Section 28–91(a) of the ordinance further provides: "It shall be unlawful for any person to own, operate, manage or conduct any business in an adult arcade unless there is a permit for the adult arcade."

Appellants' first complaint is that the ordinance does not make clear whether § 28–91(a) makes it unlawful to "own, operate, manage or conduct" a business *or* to "own, operate, manage, or conduct" business in an adult arcade, which is defined as a "building" in conjunction with the ordinance's definition of "premises." The United States Supreme Court has set forth

the standard to be applied when a statute or ordinance is attacked as facially vague: It must define the criminal offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983). Ordinary terms in a statute or ordinance can be construed according to their common usage or understanding. *See City of Webster v. SignAd, Inc.*, 682 S.W.2d 644, 647 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). This particular portion of the ordinance makes clear what it prohibits, that is, the owning, operating, managing or conducting of business in an adult arcade. The definition of "premises" limits the scope of the ordinance to part of a building when the adult arcade is located in a separate portion of a building.

Appellants also complain that the definition of "arcade device" does not make clear what is meant by "dispense." Again, when the ordinary meaning of the word is applied, the ordinance is quite clear in what it provides. The prohibition against excessive vagueness does not invalidate every enactment which could have been drafted with greater precision. *Harper v. Lindsay*, 616 F.2d 849, 857 (5th Cir.1980). The ordinance need not have defined the word "dispense" in order to be more precise. Appellants also attack the following portion of the ordinance's definition of "arcade device": "... intended for the viewing of five or fewer persons...." Appellants claim that "if the movie (or live exhibition) is intended to be viewed by more than five persons, the machine which exhibits it is not an 'arcade device' under the Ordinance" and that if "the film is 'intended for the viewing of five or fewer persons', the movie projector which displays it is apparently an 'arcade device' even if exhibition takes place in a coliseum-sized theater." However, the common usage and understanding of the phrase in the context used in the ordinance makes it clear that the phrase refers to the devices themselves.

Other jurisdictions' ordinances containing very similar "five or fewer persons" provisions have been upheld against constitutional attack. *See, e.g., Wall Distributors, Inc. v. City of Newport News*, 782 F.2d 1165 (4th Cir.1986); *Dumas v. City of Dallas*, 648 F.Supp. 1061 (N.D.Tex.1986); *Walnut Properties, Inc. v. Long Beach City Council*, 100 Cal.App.3d 1018, 161 Cal. Rptr. 411 (Ct.App.), *cert. denied*, 449 U.S. 836, 101 S.Ct. 109, 66 L.Ed.2d 42 (1980). A city need not pass guidelines to clarify every possible ambiguity in order to defeat a facial challenge to an ordinance. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 501–02, 102 S.Ct. 1186, 1195, 71 L.Ed.2d 362, 373–74 (1982). The limitation in the definition of "arcade device" clearly is intended to describe the small size of those machines in that they are generally viewed by five or fewer persons.

Appellants' final vagueness challenge is leveled at § 28–101(a) of the ordinance which provides:

> If an adult arcade has one manager's station ... then the interior of the adult arcade shall be configured in such a manner that there is *an unobstructed view of every area of the adult arcade to which any patron is permitted access* for any purpose from that manager's station ... (emphasis added).

It should be obvious that the term "unobstructed view" here is not vague; however, appellants attack this portion of the ordinance on the basis that if § 28–101(a) is taken literally and strictly enforced, it will lead to arbitrary or discriminatory enforcement. *See Kolender*, 461 U.S. at 357, 103 S.Ct. at 1858, 75 L.Ed.2d at 909. If arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222, 227 (1972). The standards given in § 28–101 of the ordinance, coupled with the permit application and denial provisions in §§ 28–92 and 28–93, are sufficient to prevent arbitrary or discriminatory enforcement by the police chief. The police chief is afforded no discretion under the ordinance; he is required to grant the permit if the requirements of the ordinance are met. *See Schope v. State*, 647 S.W.2d 675, 680 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). The ordinance withstands a constitutional challenge based upon vagueness. Appellants' first point of error is overruled.

■ Appellants' second point of error challenges the constitutionality of the ordinance on the grounds that it is overbroad. A statute or ordinance is overbroad if in its reach it prohibits constitutionally protected conduct. *Grayned*, 408 U.S. at 114, 92 S.Ct. at 2302, 33 L.Ed.2d at 231. Appellants contend that the "unobstructed view" requirement of § 28–101(a) of the ordinance would prevent the selling of books, magazines, or other merchandise within an adult arcade business because book or magazine racks would prevent the unobstructed view required by the ordinance. Appellants also complain of the lighting requirements of § 28–102 claiming that this would prevent the showing of an adult arcade's films. Such provisions were supported by the findings of the City Council set forth in the preamble to the ordinance. None of these findings are attacked by appellants on appeal. The ordinance is also not directed at any constitutionally protected conduct or material; it is clearly a regulation of the business of adult arcades. Other ordinances containing similar unobstructed view and lighting requirements have been upheld against constitutional attack as well. *See, e.g., Wall Distributors, Inc. v. City of Newport News*, 782 F.2d 1165 (4th Cir.1986); *Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243 (9th Cir.1982); *Dumas v. City of Dallas*, 648 F.Supp. 1061 (N.D.Tex.1986); *Broadway Books, Inc. v. Roberts*, 642 F.Supp. 486 (E.D.Tenn.1986).

Appellants complain that § 28–91(a), in effect, makes unlawful the ownership of land. This contention is without merit. The ordinance makes it unlawful to own any *business* in an adult arcade *without a permit*. Appellants also contend that the ordinance makes it unlawful to conduct *any* business in an adult arcade, thus businessmen would violate the ordinance by closing a deal in an adult arcade. This is clearly not the intent of the ordinance. A statute or ordinance should not be deemed

facially invalid unless it is not readily subject to a narrowing construction by the state courts. *Tisdale v. State,* 640 S.W.2d 409, 415 (Tex.App.—San Antonio 1982, pet. ref'd). It is clear that the phrase "conduct any business" here is not susceptible to such a broad construction. Section 28–83 of the ordinance provides: "The provisions of this article are supplemental and shall be cumulative with all other laws and ordinances applicable in any manner to an adult arcade or to any owner or operator thereof." Article III of Chapter 28 of the Code of Ordinances of the City of Houston, which applies to sexually oriented businesses in general, contains a very specific definition of "conduct any business". The application of this definition would clearly preclude any broad construction as argued by appellants. Appellants' second point of error is overruled.

■■■ Under appellants' third point of error they claim that the ordinance violates due process of law and constitutes an impermissible prior restraint on free speech. A governmental regulation is sufficiently justified if it is within the constitutional power of the government and furthers an important or substantial governmental interest, if the governmental interest is unrelated to the suppression of free expression, and if the incidental restriction on alleged first amendment freedoms is no greater than is essential to the furtherance of that interest. *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672, 680 (1968); *SDJ, Inc. v. City of Houston,* 636 F.Supp. 1359, 1366 (S.D. Tex.1986). Here the ordinance does seek to meet important governmental interests which are within the power of a city government. One of the findings made by the City Council in enacting this ordinance is that:

> [T]he public health, safety and welfare require that adult arcades be configured in such a manner that all patrons will be subject to direct observation by the employees thereof and that certain minimal lighting requirements should be imposed in order to discourage the use of adult arcades as places for sexual encounters and to improve egress in the event of a fire. . . .

A city may enact reasonable regulations to promote the health, safety, and general welfare of its people. *City of College Station v. Turtle Rock Corp.,* 680 S.W.2d 802, 805 (Tex.1984). *See also City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986).

The governmental interests which this ordinance seeks to meet are also unrelated to the suppression of free expression. The content of the adult films are never mentioned within the ordinance, and the findings make it clear that the regulation is aimed purely at the "secondary effects" of adult arcades and not any material within those arcades allegedly protected by the Constitution. *See City of Renton,* 475 U.S. at 47–48, 106 S.Ct. at 929, 89 L.Ed.2d at 37–38. Permit systems have been found to be unconstitutional prior restraints on free expression only if they give virtually unlimited discretion to an administrative official to grant or deny a permit or if they have standards for granting or denying the permit which are so vague that they authorize virtually standardless censorship. *Schope v. State,* 647 S.W.2d 675, 680 (Tex.App.— Houston [14th Dist.] 1982, pet. ref'd). The protections of and interests supported by this ordinance will serve to avoid any unconstitutional burdens being placed upon free expression. Appellants' third point of error is overruled.

Under appellants' fourth and fifth points of error, they claim that the ordinance is preempted by Tex.Rev.Civ.Stat.Ann. arts. 2372w, 8814, 8817 (Vernon Supp.1986). However, appellants failed to include these points of error in their motions for new trial at the municipal court level. Thus, appellants' fourth and fifth points of error are waived. Tex.Govt.Code Ann. § 30.269(c) (Vernon 1987). *See also Ex parte Spring,* 586 S.W.2d 482, 484 (Tex. Crim.App.1978). Appellants' fourth and fifth points of error are overruled.

The judgments are affirmed.