Carl L. LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–01017–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 28, 1988.

Discretionary Review Refused
Nov. 30, 1988.

**50**

Charles Rice Young, Houston, for appellant.

Gilbert Douglas, Asst. City Atty., Houston, for appellee.

Before JACK SMITH, COHEN and BISSETT,* JJ.

## OPINION

BISSETT, Justice (Assigned).

A municipal court jury in Houston, Texas, convicted appellant of "operating an adult arcade without a permit" and assessed a fine of $750. On appeal to a Harris County Criminal Court at Law, his conviction was affirmed. We affirm.

In his first three points of error, appellant contends that Houston Municipal Ordinance No. 85–1337 violates the First and Fourteenth Amendments of the United States Constitution. Specifically, he argues that the ordinance is overbroad, "void

* Assigned to this case by the Chief Justice of the Supreme Court pursuant to Tex.Gov't Code Ann. § 74.003 (Vernon 1988).

for vagueness," and that it "violates due process of law" and constitutes an impermissible "prior restraint" on free speech.

This Court has previously addressed these contentions in *Rahmani v. State,* 748 S.W.2d 618 (Tex.App.—Houston [1st Dist.] 1988, pet. filed) (not yet reported), and has found them to be without merit. *See also Martinez v. State,* 744 S.W.2d 224 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd, untimely filed). There is no need to further address these contentions. Accordingly, appellant's first three points of error are overruled.

Appellant, in his fourth point of error, asserts that Houston Ordinance 85–1337, at issue in this case and hereafter referred to as "the ordinance," is void under Tex. Const. art. XI, sec. 5, and "the doctrine of preemption because the ordinance conflicts with and is inconsistent with Tex.Rev.Civ. Stat.Ann. arts. 8814 and 8817 (Vernon Supp.1986) providing for 'the comprehensive regulation' of coin-operated arcade devices by the Texas Amusement Commission." In his fifth point of error, he claims that the ordinance is void under Tex. Const. art. XI, sec. 5 and the doctrine of preemption because it conflicts with and is inconsistent with Tex.Rev.Civ.Stat.Ann. art. 2372[1] (Vernon Supp.1986) (now recodified as Tex.Local Gov't Code Ann. Ch. 243) (Vernon Pamph.1988), as demonstrated by section 28–84(b) of the ordinance.

■ Tex. Const. art. XI, sec. 5, states that no ordinance passed by a municipality shall contain any provision inconsistent with the state constitution, or with the general laws enacted by state legislature. A municipal ordinance in conflict with a state statute is thus unconstitutional, and, therefore, void. *City of Wichita Falls v. Abell,* 566 S.W.2d 336, 339 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.).

■ Subject matter jurisdiction in both criminal and civil matters is fundamental and cannot be waived. *Casias v. State,*

1. Tex.Rev.Civ.Stat.Ann. 2372w, ch. 229, 1979 Tex.Gen.Laws 498–99, *repealed by* ch. 149, sec. 49(1), 1987 Tex.Gen.Laws 1307.

503 S.W.2d 262, 265 (Tex.Crim.App.1973); *Federal Underwriters Exchange v. Pugh,* 141 Tex. 539, 541, 174 S.W.2d 598, 600 (1943). The question of jurisdiction is fundamental and can be raised at anytime. *Tullos v. Eaton Corp.,* 695 S.W.2d 568 (Tex.1985).

■ A comparison of Tex.Rev.Civ.Stat. Ann. arts. 8814 and 8817 (Vernon 1964) with the ordinance reveals no conflict. The ordinance has not invaded the province of state law-making function because each law has a decidedly different purpose. The purpose of art. 8817 is "to provide comprehensive regulation of music and skill or pleasure coin-operated machines." The ordinance does not attempt to levy any tax, nor does it touch the arcade devices or interfere with the exhibition of coin-operated machines within an arcade and the interior design surrounding the devices' exhibition. The legislative purpose of the City of Houston for the enactment of the ordinance is to discourage adult arcades as places of sexual encounter or solicitation. This is not an objective inconsistent with the comprehensive regulation of coin-operated machines under arts. 8814 and 8817. The ordinance does not attempt to alter such regulation; it merely seeks to regulate the "configuration and lighting of adult arcade premises." Appellant's fourth point of error is overruled.

Appellant argues that the "Penalties" provision of Chapter 28 of the ordinance, and particularly section 28.84(b) thereof, are in conflict with art. 2372w. We do not agree.

Section 28.84(b) of the ordinance provides that "any conduct proscribed hereunder which also constitutes an offense under state law, shall be punishable as provided in the applicable state law." Appellant asserts that the only forbidden conduct relevant to the instant case is found in sec. 28.91(a), which makes it "unlawful for any person to own, operate, manage or conduct any business in an adult arcade unless there is a permit for the adult arcade."

Art. 2372w expressly authorized cities to regulate the location of certain sexually oriented enterprises. Tex. Local Gov't Code Ann. sec. 243.003(a) (Vernon Pamph. 1988), as codified, states that "a municipality may adopt regulations restricting the location of a sexually oriented business." Subsection (b) states that "an aspect of a sexually oriented business other than its location may not be regulated under this chapter." Pursuant to Tex. Local Gov't Code Ann. sec. 243.007 (Vernon Pamph. 1988), a proprietor may be required to obtain a permit for the operation of a sexually oriented business.

A permit is required under sec. 28.91 of the ordinance, but for different regulatory purposes than are required under art. 2372w. The preamble to art. II of the ordinance sets forth the reasoning behind such permit requirements, as follows:

WHEREAS, the City Council further finds, that substantial numbers of arrests for sexually related crimes have been made in adult arcade establishments; and

WHEREAS, the City Council further finds that numerous persons treated for sexually transmitted diseases have reported an epidemiology including sexual encounters in adult arcades; and

WHEREAS, the City Council further finds that adult arcades that are configured with booths represent a greater danger to the patrons and the employees of the establishments in the event of a fire; and

WHEREAS, the City Council finds that the public health, safety and welfare require that adult arcades be configured in such a nammer that all patrons will be subject to direct observation by the employees thereof and that certain minimal lighting requirements should be imposed in order to discourage the use of adult arcades as places for sexual encounters and to improve egress in the event of a fire; and discourage the use of adult arcades as places for sexual encounters and to improve egress in the event of a fire; and

WHEREAS, the City Council further finds that licensing of adult arcades should be required to ensure that the establishments are in compliance with

the configuration and lighting requirements and to provide a means of accountability to ensure that operators do not knowingly allow their establishments to be used as places of sexual encounter or solicitation ...

In contrast, the statute, sec. 243.001 (art. 2372w), recites the following purpose for its enactment:

Sec. 243.001(a) The legislature finds that the unrestricted location of certain sexually oriented businesses may be detrimental to the public health, safety, and welfare by contributing to the decline of residential and business neighborhoods and the growth of criminal activity. The purpose of this chapter is to provide local governments a means of remedying this problem.

It is clear that the ordinance requires a permit as proof of interior design compliance to discourage the use of an adult arcade as a place for sexual encounters, while the permit requirement of art. 2372w was enacted to ensure an upgrading of residential and business neighborhoods and to prevent crime in those areas. Absent a direct conflict, courts are to harmonize different statutes whenever possible, even though the statutes may relate generally to the same subject, so as to give effect to both enactments. *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex.1964). Because these laws attempt to achieve different goals through different means of regulation, there is no conflict or inconsistency between them. Appellant's fifth point of error is overruled.

The judgment is affirmed.