**Amos Newton MAYO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00566–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 1994.

John Weitraub, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee and Stephen St. Martin, Harris County, for appellee.

Before OLIVER–PARROTT, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

OLIVER–PARROTT, Chief Judge.

The trial court found appellant, Amos Newton Mayo, guilty of operating a sexually oriented business without a permit and assessed punishment at six-months confinement, probated for one year, and a $500 fine. We affirm.

### Facts

On February 12, 1993, Houston Police Officer D.B. Ramsey investigated a video store at 826 Edgebrook in Houston for a possible violation of the city of Houston sexually oriented business ordinance. Officer Ramsey determined that the video store did not have an application or permit with the city of Houston authorizing it to operate a sexually oriented business.

When Ramsey arrived at the store, he saw a sign on the door prohibiting anyone under 18 years from entering the store. Ramsey entered the store and noticed appellant working behind the counter in the back of the store. Appellant was the only employee in the store. In the front of the store, Ramsey saw shelves displaying videos for rent or sale at the store. The video cases displayed in the front of the store were not sexually explicit videos. However, just past the front of the store, the video cases displayed were for sexually explicit videos. These video cases showed nudity and sexual acts on their covers.

Ramsey counted the number of videos in the store that were sexually explicit and the number of videos that were not. He determined 75 to 80 percent of all videos on display were sexually explicit. Behind the counter where appellant was working, Ramsey saw the shelves containing the actual adult videos. He asked appellant if the sexually explicit videos were for sale and rent, and appellant replied that they were.

Ramsey identified himself as a police officer and asked appellant if the store had a permit to operate a sexually oriented business. Appellant replied he did not know. Ramsey looked for a permit in the store but did not find one. Appellant was then arrested.

### Sufficiency of the evidence

In points of error one and two, appellant contends the trial court erred in finding him guilty because (1) there was no evidence that he personally displayed merchandise, goods, entertainment, or other services offered at the store, and (2) there was no evidence that the video boxes contained any merchandise, goods, or entertainment.

### (a) Standard of review

■ When reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 163 (Tex.Crim.App.1991). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we are not authorized to reverse the judgment on sufficiency of the evidence grounds. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

### (b) City ordinance

The legislature has authorized municipalities to adopt certain regulations regarding sexually oriented businesses. TEX.LOCAL GOV'T CODE ANN. § 243.003(a) (Vernon Supp. 1994); *Smith v. State,* 866 S.W.2d 760, 762 (Tex.App.—Houston [1st Dist.] 1993, pet.

ref'd). The definition of "sexually oriented business" includes adult video stores. TEX.LOCAL GOV'T CODE ANN. § 243.002 (Vernon Supp.1994). A municipality may require that the owner or operator of a sexually oriented business obtain a permit for the operation of the business. TEX.LOCAL GOV'T CODE ANN. § 243.007(a) (Vernon Supp.1994).

Pursuant to these provisions of the Local Government Code, the city of Houston has promulgated an ordinance governing sexually oriented businesses. *Smith,* 866 S.W.2d at 763. The ordinance requires anyone owning, operating, or conducting any business in an "enterprise" located within the city to have a permit for the enterprise, and to post the permit at or near the enterprise's entrance. HOUSTON, TEX., MUNICIPAL CODE § 28–122(a), (b). The ordinance states that a person will be deemed conducting a business in an enterprise if that person, among other things, operates a cash register on the premises, or displays or takes orders from any customer for any merchandise, goods, or entertainment. *Id.* at § 28–121.

### (c) The evidence

■ The information charging appellant tracked the language in section 28–122(a) of the ordinance:

> [I]n Harris County, Texas, Amos Newton Mayo, hereafter styled the Defendant, heretofore on or about February 12, 1993, did then and there unlawfully intentionally and knowingly *display* merchandise, goods and entertainment offered on the enterprise premises, in a sexually oriented commercial enterprise, namely, an adult video store ...

The ordinance does not define "display" in the context of conducting a business in an enterprise. However, we shall construe the word "display" according to rules of grammar and common usage. TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988).

Appellant contends the evidence shows that he did not physically pick up the video boxes and personally display them on the store's shelves and that the boxes on display did not contain any entertainment or merchandise inside. He contends that to find

him guilty, the evidence must show that he personally put the sexually explicit videos on display and that the boxes contained the videos inside. We disagree that the ordinance requires such a narrow construction.

Officer Ramsey testified that he did not see appellant physically pick up the video boxes but that the boxes were on display in the store, and appellant had care, custody, and control of the store and its videos. He also testified that the video tapes were visible from behind the counter. Appellant testified that when a customer wishes to rent or buy a sexually explicit video, the customer brings the video box to the counter, and he selects the video from the shelves behind the counter that matches the customer's selection. Appellant testified that the boxes for sexually explicit videos are displayed in the store. He also testified that the video boxes are empty to prevent shoplifting but that the boxes on display in the store are used to rent and sell the video tapes behind the counter.

The evidence shows that sexually explicit videos were displayed in the store; appellant was the only employee in the store; and he was in control of the store and the sexually explicit videos located behind the counter. We find this evidence sufficient to support the trial court's finding of guilt.

We overrule points of error one and two.

### Constitutionality of Statute

In his next three points of error, appellant argues that the ordinance is unconstitutional.[1] First, appellant contends that the ordinance is unconstitutionally vague because it does not define the term "primary business."

█ To avoid attack on grounds of vagueness, an ordinance must define the criminal offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). A city need not pass guidelines to clarify every possible ambiguity

in order to defeat a facial challenge to an ordinance. *Rahmani v. State*, 748 S.W.2d 618, 626 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). The principal inquiry is whether the law affords fair warning of what is proscribed. *Id.* at 624.

Section 28–121 defines an "enterprise" as follows:

> An adult bookstore, adult cabaret, adult encounter parlor, adult lounge, adult modeling studio, adult movie theatre or any establishment *whose primary business is* the offering of a service or the selling, renting or exhibiting of devices or any other items intended to provide sexual gratification to its customers, and which is distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas.

(Emphasis added.) Similar ordinances that use the term "major business" rather than "primary business" in defining sexually oriented businesses have been held not unconstitutionally vague. *See, e.g., Stansberry v. Holmes*, 613 F.2d 1285, 1290 (5th Cir.), *cert. denied*, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 112 (1980); *State v. Garcia*, 823 S.W.2d 793, 798–99 (Tex.App.—San Antonio 1992, pet. ref'd); *Schope v. State*, 647 S.W.2d 675, 678–79 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd); *Memet v. State*, 642 S.W.2d 518, 523 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

█ The cases upholding ordinances using the term "major business" relied on the court's reasoning in *Stansberry:*

> By including the term "major business," the county commissioners have excluded businesses whose activities might incidentally cause sexual stimulation. Certainly no one would contend that the major business of an art school or dance studio was the provision of services intended for sexual gratification. Additional definiteness is provided by the fact that the section specifically list three types of regulated business—massage parlors, nude studios, and

---

1. In the remaining points of error, appellant contends that the ordinance is unconstitutional. Because appellant only cites authority for

violations under the United States Constitution, we decline to analyze his arguments under the Texas Constitution. Tex.R.App.P. 74(f).

love parlors—and applies the definition to "any other similar commercial enterprise." We find that this definition is sufficiently clear and provides adequate waring of proscribed conduct.

613 F.2d at 1290. The *Stansberry* court's reasoning applies to the instant case. The definition of enterprise in section 28–121 is similarly drafted and sufficiently clear to sustain a constitutional challenge for vagueness. Moreover, Officer Ramsey testified that 75 to 80 percent of the videos displayed in the store for sale or rent were sexually explicit videos depicting sexual acts and nudity on the video covers. This testimony supports a finding that the video store's primary business was the sale and rental of adult videos. Therefore, the ordinance was not unconstitutionally vague when applied to appellant in the instant case. *See Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App.1989).

We overrule point of error three.

■ In point of error four, appellant contends the ordinance is unconstitutionally void because there is a conflict in the punishment allowed under section 28–133 of the ordinance and under TEX.LOCAL GOV'T CODE ANN. § 54.001(b) (Vernon Supp.1994). Appellant argues that, because of the conflict, section 28–133 does not provide fair notice of the penalty for violating the ordinance and therefore, violates due process. We disagree.

Section 28–133(a) of the Houston Municipal Code provides:

(a) The violation of any provision of this article, including the doing of anything which is herein prohibited or declared to be unlawful or the failure to do anything or perform any duty which is required herein, shall be punishable as provided by Section 243.010(b) of the Local Government Code, as amended. . . .

TEX.LOCAL GOV'T CODE ANN. § 243.010(b) (Vernon Supp.1994), authorizing the enforcement of municipal regulation of sexually oriented business, provides:

(b) A person commits an offense if the person violates a municipal or county regulation adopted under this chapter. An offense under this subsection is a Class A misdemeanor.

TEX.LOCAL GOV'T CODE ANN. § 54.001 (Vernon Supp.1994), the general enforcement authority of municipalities, provides:

(a) The governing body of a municipality may enforce each rule, ordinance, or police regulation of the municipality and may punish a violation of a rule, ordinance, or police regulation.

(b) A fine or penalty for the violation of a rule, ordinance, or police regulation may not exceed $500. However, a fine or penalty for the violation of a rule, ordinance or police regulation that governs fire safety, zoning, or public health and sanitation, including dumping of refuse, may not exceed $2,000.

TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988), states that if a general provision conflicts with a special or local provision, the special provision prevails as an exception to the general provision. Thus, if two statutory provisions deal with the same general subject, effort is made to harmonize and give effect to both statutes with the special or more specific statute governing the general statute in the event of any conflict. *Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Crim.App. 1988).

TEX.LOCAL GOV'T CODE ANN. § 243.010 is the enforcement provision in the enabling statute that allows municipalities to regulate sexually oriented businesses. To the extent section 243.010, a specific enforcement provision, conflicts with the general enforcement provision, TEX.LOCAL GOV'T CODE ANN. § 54.-001, section 243.010 prevails.

The ordinance clearly states the penalty for a violation. Section 28–133 of the ordinance states that punishment for any violation of the ordinance is provided in TEX.LO-CAL GOV'T CODE ANN. § 243.010, which states that any offense committed is a Class A misdemeanor. Therefore, an offense committed pursuant to the ordinance is punishable as a Class A misdemeanor. We find section 28–133 not unconstitutionally void.

We overrule point of error four.

■ In point of error five, appellant contends section 28–121 is void because it expands the scope of the term "adult book-

store" beyond what the enabling legislation permits.

Tex.Local Gov't Code Ann. § 243.002 defines a "sexually oriented" business as:

> [A] sex parlor, nude studio, modeling studio, love parlor, adult bookstore, adult movie theater, adult video arcade, adult movie arcade, adult video store, adult motel, or other commercial enterprise the primary business of which is the offering of a service or the selling, renting, or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer.

As we noted earlier, Houston Municipal Ordinance § 28-121 defines an "enterprise" as follows:

> An adult bookstore, adult cabaret, adult encounter parlor, adult lounge, adult modeling studio, adult movie theatre or any establishment whose primary business is the offering of a service or the selling, renting or exhibiting of devices or any other items intended to provide sexual gratification to its customers, *and which is distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas.*

(Emphasis added.) The two definitions are almost identical with the exception of the italicized language in section 28-121. The State argues that the added language *narrows* the scope of the businesses regulated by the ordinance and does not expand the scope of the ordinance beyond the authority conferred in the enabling statute as appellant contends. We agree.

The enabling statute authorizes the regulation of establishments whose primary business deals with items intended to provide sexual gratification to its customers. The ordinance does what the statute permits: the ordinance regulates businesses dealing in items providing sexual gratification. However, the ordinance clarifies the businesses being regulated as "distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas." We construe this language as narrowing the type of businesses regulated by imposing a stricter definition of the businesses that are considered to be providing sexual gratification to customers. Therefore, the city did not exceed the authority granted it by the legislature in drafting the ordinance.

We overrule point of error five.

We affirm the trial court's judgment.