**Adejare ONIYIDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Onyemaechi NWUDU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Victor M. ROBLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. C14–88–00142–CR, C14–88–00143–CR and C14–88–00192–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 1988.

Discretionary Review Refused Nov. 30, 1988.

Charles R. Young, Houston, for appellants.

John B. Holmes, Jr., Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice

This is a consolidated appeal from an order affirming convictions for violation of a City of Houston ordinance regulating adult arcades. Issues involve the constitutionality of the ordinance. We affirm.

On August 6, 1985, the City Council of the City of Houston enacted ordinance No. 85–1337 regulating adult arcades. The ordinance acted as an amendment by adding a new Article II to chapter 28 of the Code of Ordinances of Houston, Texas. The ordinance requires any person who owns, operates, manages or conducts any business in an adult arcade to first obtain a permit from the police chief for that adult arcade. Violation of the ordinance constitutes a misdemeanor punishable by a fine.

All three appellants were charged in municipal court with violating the ordinance by operating an adult arcade without a license. Appellants Oniyide and Nwudu entered pleas of not guilty; appellant Robles pled nolo contendere. Each was found guilty by the municipal court and assessed

a fine of $750. Appellants then appealed to the county criminal court at law.

On appeal to this court, appellants present five identical points of error, arguing that the ordinance is unconstitutionally vague, overbroad, violative of due process, preempted by state law and in conflict with certain state laws. We are not persuaded by these arguments and affirm the convictions.

This appeal is identical with previous consolidated appeals decided by this court. *See Martinez, et al. v. State,* 744 S.W.2d 224 (Tex.App. Houston [14th Dist.] 1987, pet ref'd.).

In their first point of error, appellants contend the ordinance in question is vague, and thus in violation of the first and fourteenth amendments to the United States Constitution. Appellants have specific complaints concerning the wording of the adult arcade ordinance. These have all been considered and rejected by this court in its previous decision. *Martinez,* 744 S.W.2d at 226–227. For the reasons set out therein, appellant's first point of error is overruled.

Appellant's second point of error attacks the constitutional validity of the ordinance on the ground that it is overbroad, i.e., that it unnecessarily restricts constitutionally protected conduct or materials. Again, the arguments presented by appellant have been previously considered by this court and found to be without merit. *Martinez,* 744 S.W.2d at 227–228. Appellant's second point of error is overruled.

In the third point of error, appellants claim the ordinance violates due process of law and constitutes an impermissible prior restraint on free speech. According to appellant, the ordinance on its face and as applied to them is not "content-neutral" as required by the first amendment to the United States Constitution. In our previous decision, this court held that the ordinance in question seeks to promote important governmental interests; that those interests are unrelated to the suppression of free expression; and that the incidental restriction on first amendment freedoms is no greater than is essential to the furtherance of such interests. *Martinez,* 744 S.W.

2d at 228. Appellant's third point of error is overruled.

■ In their fourth point of error appellants claim that the ordinance is void under article XI, section 5 of the Texas Constitution and the doctrine of preemption because the ordinance conflicts with and is inconsistent with TEX.REV.CIV.STAT.ANN. arts. 8814 and 8817 (Vernon Supp.1988).

Articles 8814 and 8817 provide for licensing, taxing and regulation of coin-operated amusement machines. Even if the adult arcade in question uses coin-operated machines, the ordinance passed under said charter shall contain no provision inconsistent with state law regulating such machines. *See* TEX. CONST. art. XI, § 5.

There is no conflict between the ordinance and state law regulating coin-operated machines because each law has a different purpose. The stated purpose of the article 8817 "is to provide comprehensive regulation of music and skill or pleasure coin-operated *machines.*" TEX.REV.CIV. STAT.ANN. art. 8817(1) (Vernon Supp.1988) (emphasis added). In contrast, the purpose of the ordinance is to regulate the structural configuration and the operation of adult arcade business premises.

Articles 8814 and 8817 do not attempt to regulate adult arcades any more than the ordinance attempts to regulate coin-operated machines. The power to regulate the configuration and operation of adult arcades is separate from the power to license, tax and regulate coin-operated machines.

Appellants' argument ignores the fact that the ordinance covers a different subject than the regulation of coin-operated machines, and one law should not be used to defeat the purpose of other laws. The ordinance is concerned only with regulating adult arcades. The fact that appellants were conducting business in an adult arcade without a permit in violation of the ordinance is at issue here, not the machines themselves. An adult arcade cannot avoid the licensing requirements of the ordinance simply because it happens to involve the use of coin-operated machines. Consequently, state law does not preempt the ordinance. Point of error four is overruled.

■ In their fifth point of error appellants claim that the ordinance is void under article II, section 5 of the Texas Constitution and the doctrine of preemption because it conflicts with, TEX.REV.CIV. STAT.ANN art. 2372w (now TEX.LOCAL GOV'T CODE ANN §§ 243.001–009), as demonstrated by section 28–84(b) of the ordinance.

Article 2372w deals with local regulations of sexually oriented businesses. Appellants cite no case stating that a legislative body may not enact subsequent legislation concerning a particular type of business that has been subjected to different kinds of regulation under a previous enactment. Absent a direct conflict, courts are to harmonize different statutes where possible, even when the statutes may relate generally to the same subject, so as to give effect to both enactments. *La Sara Grain Company v. First National Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex.1984).

A reading of the statutes and ordinance in question establishes that no conflict exists. Article 2372w relates to the location of sexually oriented commercial enterprises in relation to other land uses. It does not refer to the interior configuration of a business premises. On the other hand, the ordinance deals only with permit and interior design requirements for adult arcades and does not regulate their location. Therefore, even if adult arcades were properly subject to the locational regulations of article 2372w, this would in no way affect their duty to comply with the different regulatory requirements of the arcade ordinance. Moreover, article 2372w, section 3(b), (now TEX.LOCAL GOV'T CODE ANN. § 243.004), specifically exempts bookstores and theaters from the locational requirements of the act, so that adult arcades are arguably not even subject to the statute in the first place. Point of error five is overruled.

The judgment of the trial court is affirmed.