CITY OF SANTA FE, Appellant,

v.

William YOUNG, Appellee.

No. 14–96–00239–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 1997.

Mike Martin, Ellis J. Ortega, Houston, for appellant.

Arthur Val Perkins, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

ANDERSON, Justice.

Appellant, the City of Santa Fe, appeals from a summary judgment granted in favor of appellee, William Young on the basis that a Santa Fe city ordinance regulating sandpits was preempted by state law. As a result of this ruling, Santa Fe is prohibited from regulating the operation of appellee's sandpit under its local ordinance. Santa Fe has appealed raising two points of error arguing the trial court improperly granted summary judgment in this case because (1) the Santa Fe sandpit ordinance is not preempted by state law, and (2) the trial court did not attempt to reconcile the city ordinance with state law. In a cross-point, appellee contends that the trial court improperly refused to order appellee's attorney's fees to be paid by appellant. We agree with appellant's arguments and reverse the judgment of the trial court and remand the case for further proceedings. Appellee's cross-point is overruled.

In 1991 the State of Texas passed the Texas Aggregate Quarry and Pit Safety Act [hereinafter Quarry Safety Act] which prohibits the operation of sandpits within twenty-five feet of a road or highway and requires safety devices for certain quarries and pits located in hazardous proximity to a public road. TEX. NAT. RES.CODE ANN. § 133.001 et seq. (Vernon 1993). "In hazardous proximity to a public road" means the distance beginning 200 feet from the nearest roadway edge of a public road or highway to the pit perimeter. *Id.* at § 133.003(13). Meanwhile, Santa Fe has a city ordinance regulating the operation of sandpits and quarries within the city limits. This ordinance does not altogether prohibit sandpits in the city; however, it does require sandpit operators to receive a special permit. Permit requirements include a public hearing, a $2500 application fee, geological surveys, surety and insurance coverage, reclamation plans, set back distances from schools and roads, and sloping, fencing, and drainage requirements. The ordinance prohibits the location of any sandpit within 200 feet of any public road, 150 feet from any residence or other building, or 350 feet from any school, hospital, church, public building, or cemetery lot. It also defines when a sandpit becomes a public nuisance.

Appellee filed suit seeking a declaratory judgment that the Santa Fe ordinance could not be enforced against appellee because it was in conflict with clear provisions of state law. The trial court agreed that the ordinance was in fact preempted as applied against appellee and granted summary judgment in appellee's favor. On appeal, this court in an unpublished opinion reversed and remanded on the ground that the issue of preemption was not pleaded and, as a result, summary judgment on that basis was improper.[1] Appellee amended his petition for declaratory judgment and filed a second summary judgment on the ground that, as applied, the Santa Fe ordinance was in conflict with and was preempted and superseded by the Quarry Safety Act. The trial court

again granted summary judgment in favor of appellee.

We disagree with the trial court's judgment that the Santa Fe city ordinance is preempted by the Quarry Safety Act. A home-rule city[2] looks to the legislature *not* for grants of power, but only for limitations on their powers granted by article XI, § 5 of the Texas Constitution. *State v. City of La Porte*, 386 S.W.2d 782, 785 (Tex.1965). Merely because the legislature has addressed a subject matter does not prevent a home-rule city from regulating the same subject matter as well—but an ordinance of a home-rule city that conflicts with a state statute is unenforceable to the extent of such conflict. *Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex.1993); *City of Richardson v. Responsible Dog Owners of Texas*, 794 S.W.2d 17, 19 (Tex.1990). If the legislature does choose to preempt a given subject matter usually encompassed by the broad powers of a home-rule city, "it must do so with unmistakable clarity." *Dallas Merchant's*, 852 S.W.2d at 491.

Appellee contends that an unmistakable intention to preempt regulation by other governmental entities was expressed in the Quarry Safety Act. He points to language stating that the Act was intended to "provide for a centralized, easily understood method of requiring safety devices and the administration thereof by one agency of this state to the exclusion of any other governmental entity." TEX. NAT. RES.CODE ANN. § 133.002(3). However, we believe the only legislative intention that is unmistakably clear in this statutory language is the intention to preclude other entities from regulating *safety devices* for the quarries and pits governed by the Act. The category of quarries and pits governed by the Act is limited. This category does not consist of all quarries and pits in the State of Texas, as appellee contends, but rather consists of "certain" quarries and pits, which are within hazardous proximity of a

1. The opinion was issued September 7, 1995 in No. 14–95–00612–CV.

2. We accept appellant's assertion that the City of Santa Fe is a home-rule municipality vested with

the power of self-government as authorized by article XI, § 5 of the Texas Constitution. TEX R.APP. P. 74(f).

public road. *See id.* at § 133.002(1). The Legislature has in some statutes manifested its intent to fully regulate a subject matter with unmistakable clarity. Specifically, the Texas Alcoholic Beverage Code states, "It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state, . . . ." TEX. ALCO. BEV.CODE ANN. § 109.57(b) (Vernon 1995). The majority opinion in *Dallas Merchant's* held that a Dallas ordinance was preempted to the extent of its conflict with the provisions of the Alcoholic Beverage Code based on the legislature's clear statement of its intent. *Dallas Merchant's*, 852 S.W.2d at 494. We find no such broad preemptive language in the Quarry Safety Act. While it is clear the State has preempted the field for quarries and pits within 200 feet of a road, it has not preempted the field for quarries and pits beyond the 200 feet zone. *See City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex.1964).[3]

 A general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. *Dallas Merchant's*, 852 S.W.2d at 491. We believe such a reasonable construction exists. Because the Quarry Safety Act is a narrowly tailored law limited to regulating quarries and pits within 200 feet of public roads, the City is completely free to regulate all quarries and pits that are not within this prescribed zone without fear of conflicting with the Act. To the extent that the ordinance attempts to regulate safety devices within 200 feet of a public roadway, the ordinance is expressly preempted by the statutory language indicating the legislature's clear intent to provide uniformity in this area. Otherwise, the ordinance is to be given full force and applicability. The parties do not dispute the fact that appellee's sand pit is *not* within 200 feet of a public roadway. Therefore, the Act does not apply to appellee's sandpit, and the city ordinance controls. Appellant's points of error are sustained.

Appellee's cross-point contending that the trial court should have ordered appellant to pay his attorney's fees is overruled. The judgment of the trial court is reversed and the cause is remanded for resolution not inconsistent with this opinion.

---

3. Consistent with our holding in this opinion, we note that § 133.085(c) of the Quarry Safety Act provides, "The provisions of this Act supercede any other municipal ordinance or county regulation that seeks to accomplish the same ends as set out herein." TEX. NAT. RES.CODE ANN. § 133.085(c) (Vernon 1993).