Affirmed Majority and Dissenting Opinions filed November 17, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00873-CV

___________________

 

SOUTHERN CRUSHED CONCRETE, LLC,
Appellant

 

V.

 

CITY OF HOUSTON, Appellee



 



 

On
Appeal from the 333rd District Court

Harris County,
Texas



Trial Court Cause No. 2008-68402

 



 

 

DISSENTING  OPINION

As a home-rule municipality, the City of Houston has broad powers of
self-government.  But the constitutional provision that confers those powers
also prohibits the city from passing ordinances that “contain any provision
inconsistent with” acts of the Texas Legislature.  Tex. Const. art. XI, § 5. 
Under our state constitution, not surprisingly, statutes are superior to
ordinances.  Because I believe the Texas Clean Air Act preempts the ordinance
in question, I respectfully dissent. 

            In considering the
preemption question, the majority reaches two broad conclusions.  First,
because the Act and the ordinance supposedly each address a different
governmental purpose, the majority has determined that “the ordinance is
consistent with the Act and with the Commission’s rules and orders.”  Second,
and also related to the alleged distinction of purpose, the majority concludes
that “the ordinance does not make unlawful an act or condition authorized or
approved under the Act or the Commission’s rules or orders.”  I disagree on
both counts.

I

            Whether the city’s
purpose for enacting the ordinance is different from the legislature’s purpose
in passing the Act is irrelevant.  The question in a state-law preemption case
is whether the municipal ordinance and the state statute actually regulate the
same activity; it is not an inquiry into what distinct purpose the municipality
has articulated in passing an ordinance which conflicts with a statute.  See
City of Brookside Village v. Comeau, 633 S.W.2d 790, 796 (Tex. 1982); Robinson
v. City of Longview, 936 S.W.2d 413, 416 (Tex. App.—Tyler 1996, no writ); Banknote
Club & Stan’s Boilermaker v. City of Dallas, 608 S.W.2d 716, 718 (Tex.
Civ. App.—Dallas 1980, writ ref’d n.r.e.).  

            Neither the
constitution nor any preemption case the majority relies on plainly allows an
ordinance to run afoul of a legislative act merely because the ordinance
purportedly aspires to a different purpose.  An ordinance survives a preemption
challenge not because its purpose differs from the statute’s, but because the
activity it regulates is at best only ancillary to the activity the statute
concerns.  This is true for all the instances in which the majority maintains
courts have upheld ordinances because of their disparate purposes.  See
Comeau, 633 S.W.2d at 796 (state regulates mobile-home construction safety
and installation; city regulates location and density of mobile homes in city
limits); City of Weslaco v. Melton, 151 Tex. 61, 308 S.W.2d 18, 19–20
(1958) (state prescribes how milk will be graded and labeled; city prohibits
sale of unpasteurized milk); Robinson, 936 S.W.2d at 417 (state
regulates sale of alcoholic beverages; city regulates sexually oriented
businesses); Oniyide v. State, 756 S.W.2d 370, 372 (Tex. App.—Houston
[14th Dist.] 1988, pet. ref’d) (state regulates coin-operated amusement
machines; municipality regulates structural configuration and operation of
adult arcades).

            Texas courts
define as “inconsistent” or “conflicting”—and therefore preempted—any local
enactment that attempts to regulate in a more or less restrictive way the same
activity a statute already directly regulates.  City of Santa Fe v. Young,
949 S.W.2d 559, 561 (Tex. App.—Houston [14th Dist.] 1997, no writ); Comeau,
633 S.W.2d at 796; City of Wichita Falls v. Abell, 566 S.W.2d 336, 338–39
(Tex. Civ. App.—Fort Worth 1978, writ ref’d n.r.e.); City of Fort Worth v.
McDonald, 293 S.W.2d 256, 258 (Tex. Civ. App.—Fort Worth 1956, writ ref’d
n.r.e.); Prescott v. City of Borger, 158 S.W.2d 578, 581 (Tex. Civ.
App.—Amarillo 1942, writ ref’d).  That is what has happened in this case.  The
city has established location and distance requirements that are flatly
inconsistent with—and more restrictive than—those prescribed in the Act and the
Commission’s rules; the distance setbacks are greater and the method of
measurement is more expansive.  The city’s more restrictive requirements
impermissibly encroach upon the narrow field of regulation that the Act carves
out and reserves to the state:  location requirements for concrete-crushing
operations.  Because of this encroachment, the Act preempts the ordinance.  

            Allowing
municipalities to draft ordinances that conflict with statutes on the pretense
that the purpose of the local regulation differs from that of the statute would
largely put an end to state-law preemption.  Cities could essentially nullify
state regulations by simply stating a justification for the ordinance that
differs from the purpose the legislature had for passing the statute.  And thus
home-rule ordinances would become constitutionally superior to acts of the
legislature.

II

            The majority also
concludes that “the ordinance does not make unlawful an act or condition
authorized or approved under the Act or the Commission’s rules or orders.”  The
rationale is that the permit the Commission issued to Southern Crushed Concrete
“authorizing the construction and operation of” a concrete-crushing facility is
not actually that.  Instead, according to the majority, the permit represents
the Commission’s “determination that the proposed facility will not have an
unacceptably adverse effect on air quality.”  And because the ordinance
purports to regulate land use rather than air quality, the rationale goes, that
means the ordinance does not actually override the permit.

            The majority also
maintains that the ordinance does not render unlawful a state-authorized act
because the Act’s location restrictions “are effectively a subset of the
universe of locations at which such operations are prohibited” by the
ordinance.  Here, the majority relies on City of Santa Fe v. Young, 949
S.W.2d 559 (Tex. App.—Houston [14th Dist.] 1997, no writ).  

Young concerns the Texas Aggregate Quarry and Pit Safety
Act, which prohibits sandpits within twenty-five feet of a roadway and requires
certain safety devices for quarries and pits located within 200 feet of a
roadway.  See Tex. Nat. Res. Code § 133.001–.093.  The City of Santa Fe
passed an ordinance that prohibits sandpits within 200 feet of a roadway and
requires a permit before any quarry or pit may be dug within the city limits. 
This court held that the statute in Young did not wholly preempt the
ordinance, and that the city was free to regulate the digging of pits and
quarries beyond the zone the statute specifically addressed.  949 S.W.2d at 560–61.

The majority
cites Young when it concludes that the City of Houston may prohibit
concrete-crushing facilities beyond the restrictions prescribed by the Act,
even if the Commission has issued a permit for such a facility.  But unlike
this case, the ordinance in Young does not purport to override a permit
a state agency has actually issued to one of the litigants.  Moreover, in Young
we held that “the only legislative intention that [was] unmistakably clear in
this statutory language [was] the intention to preclude other entities from
regulating safety devices for the quarries and pits govered by the
Act.”  Id. at 560 (emphasis in original).  In this case, however, it is
the very location of concrete-crushing facilities that is preempted.

            Under the
majority’s reading of Young, municipalities are always free to expand
the limitations state law places on regulated behavior.  Whenever a city
believes a state-imposed distance requirement is too lenient, it can lengthen
it with constitutional impunity.  State-law preemption under the Texas
Constitution is simply not that weak.

* * *

            The
ordinance in this case is unconstitutional.  It accomplishes nothing that state
law doesn’t already accomplish except when it varies from state law.  And when
it does that, it’s preempted.  I respectfully dissent.

                                                                                    

                                                                                                                                                                                                                                    /s/        Justice


Jeffrey V. Brown

 

 

 

Panel consists of Justices
Brown, Sullivan and Christopher. (Christopher, J., majority.)