**Iman Ibrahim HADDAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–01411–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1999.

Harris S. Wood, Jr., Houston, for Appellant.

Keli Pool Roper, Asst. Dist. Atty., John B. Holmes, Dist. Atty. of Harris County, Houston, for State.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.[1]

## OPINION

ADELE HEDGES, Justice.

Appellant pled *nolo contendere* to the offense of violating the Houston sexually oriented business enterprise ordinance. The trial judge found her guilty and assessed punishment at 45 days confinement. We affirm.

### Background

This appeal is a constitutional challenge of the Houston city ordinance regulating sexually oriented businesses and the conduct of their employees ("the ordinance"). *See* HOUSTON, TEX., CODE OF ORDINANCES Art. VIII, § 28–251 to –259 (1997). Appellant, a topless dancer, was charged by complaint and information with the misde-

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

meanor violation of the ordinance alleging that she intentionally and knowingly touched the clothing of a customer while she was engaged in entertainment, namely a dance involving the fondling and touching of her buttock and breasts.

In six points of error, appellant contends that the ordinance is unconstitutional because it is vague and overbroad, it does not contain a *mens rea* or culpability requirement, and it is not rationally related to a legitimate State interest. We disagree.

### First Amendment Challenge

In points of error one, two, and four, appellant argues that the ordinance is unconstitutionally vague and overbroad in violation of the First Amendment of the U.S. Constitution because it causes suppression of protected speech and it does not give notice of illegal conduct.

The challenged ordinance states:

It shall be unlawful for any entertainer to touch a customer or the clothing of a customer while engaging in entertainment or while exposing any specified anatomical areas or engaging in any specified sexual activities.

HOUSTON, TEX., CODE OF ORDINANCES art. VIII, § 28–258(a). The ordinance defines "specified anatomical areas" as:

(1) Less than completely and opaquely covered:

 a. Human genitals, pubic region or pubic hair;

 b. Buttock;

 c. Female breast or breasts or any portion thereof that is situated below a point immediately above the top of the areola; or

 d. Any combination of the foregoing; or

(2) Human male genitals in a discernibly erect state, even if completely and opaquely covered.

*Id.* at § 28–251. The ordinance defines "specified sexual activities" in the following manner:

(1) Human genitals in a discernible state of sexual stimulation or arousal;

(2) Acts of human masturbation, sexual intercourse or sodomy;

(3) Fondling or other erotic touching of human genitals, pubic region or pubic hair, buttock or female breast or breasts; or

(4) Any combination of the foregoing.

*Id.*

### A. Vagueness

 All laws carry a presumption of validity. *See Ex parte Benavides*, 801 S.W.2d 535, 537 (Tex.App.—Houston [1st Dist.] 1990, writ dismissed w.o.j.). However, unless criminal laws are sufficiently clear, they are considered unconstitutionally vague. *Grayned v. Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972); *Long v. State*, 931 S.W.2d 285, 287–88 (Tex.Crim.App.1996). The party challenging a statute has the burden to establish its unconstitutionality. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978).

 To pass a vagueness challenge, a criminal statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Grayned*, 408 U.S. at 108, 92 S.Ct. at 2298–99. Further, the law must establish guidelines for law enforcement. *Id.* Where First Amendment freedoms are implicated, the law must be sufficiently definite to avoid chilling protected expression. *Id.* If an act implicates First Amendment guarantees, the doctrine of vagueness demands a greater degree of specificity than in other contexts. *Id.* A criminal law may be held facially invalid even though it may not be unconstitutional as applied to a defendant's conduct. *Gooding v. Wilson*, 405 U.S. 518, 521, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972).

The language of this ordinance is not unconstitutionally vague. Indeed, we believe that the ordinance is not just ade-

quate, but thorough in its specificity in describing what conduct is prohibited and subject to prosecution. Specifically, the language of the ordinance clearly prohibits the touching of a customer, or the clothing of a customer, while engaging in entertainment, while exposing certain specified anatomical areas, or while engaging in any specified sexual activities. *Id.* at § 28–258(a). The definitions describe with particularity, in simple terms, the meaning of the words used in the prohibitive portion of the ordinance. *See id.* at § 28–251. For example, "entertainment" is defined to include dance or striptease involving the display or exposure of specified sexual activities or specified anatomical areas. *Id.* The ordinance also provides specific and definite definitions of "specified sexual activities" and "specified anatomical areas," such that a reasonable person is on notice that fondling a breast or buttock is conduct, which, along with the other prohibited conduct, can amount to a violation of the ordinance. *See id.*

### B. Overbreadth

■■■ A statute or ordinance, even if clear and precise, is overbroad if in its reach it prohibits constitutionally protected conduct. *Grayned,* 408 U.S. at 114, 92 S.Ct. at 2302; *Rahmani v. State,* 748 S.W.2d 618, 621 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). This broad statement of law, however, is tempered by the following two corollaries: (1) for a facial overbreadth challenge to succeed, the enactment must reach a substantial amount of protected conduct; and (2) even protected speech may be regulated to some degree by the State. *Rahmani,* 748 S.W.2d at 621. Finally, there exists "a less vital interest in the uninhibited exhibition of material on the borderline between pornography and artistic expression than in free dissemination of ideas of social and political significance." *Young v. American Mini Theatres,* 427 U.S. 50, 70–71, 96 S.Ct. 2440, 2452–53, 49 L.Ed.2d 310 (1976).

Appellant specifically contends that the ordinance "attempts to control public reading, songs, dance, etc. etc. [sic], all of which contain and/or actually constitute conduct imbued with expressive speech and/or are of themselves protected speech (e.g., 'reading')." We disagree. The ordinance does not have the overreaching effect on speech that appellant claims because it does not preclude the entertainer from performing, and it is content-neutral. The ordinance simply regulates the manner in which the entertainment is performed by prohibiting the entertainer from touching the customer while in the act of performing or while exposed. *See* Houston Code of Ordinances art. VIII, § 28–258(a).

### C. Time, Place, and Manner Regulations

■■■ Topless dancing is protected by the First Amendment. *Lindsay v. Papageorgiou,* 751 S.W.2d 544, 549 (Tex. App.—Houston [1st Dist.] 1988, writ denied). Time, place, and manner restrictions of protected speech are permissible if they are content-neutral, narrowly tailored to serve a significant government interest, and leave open ample alternative channels for communication. *Clark v. Community for Creative Non–Violence,* 468 U.S. 288, 293, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984). The intent of the ordinance is not to suppress protected speech because the ordinance does not preclude dancing entirely and does not regulate the content of the dance, only the manner in which the dance may occur. By prohibiting the touching of the customer, the ordinance protects the health, safety, and welfare of the customers, as well as the dancers. The ordinance is a permissible time, place, and manner regulation.

We believe that this ordinance withstands the heightened scrutiny of a First Amendment vagueness challenge.

We overrule points of error one, two, and four.

### *Mens Rea*/Culpability Requirement

In point of error three, appellant argues that the ordinance violates due process because it does not contain any *mens rea* or mental culpability requirement.

Texas Penal Code section 1.03(b) states that culpability requirements, as stated in the penal code, apply to other laws, unless the statute defining the offense provides otherwise. TEX. PENAL CODE ANN. § 1.03(b) (Vernon 1994). "Other laws" includes municipal ordinances. *Id.* at § 1.07(30). Texas Penal Code section 6.02(b) states that even if a culpable mental state is not prescribed, it is required unless the definition plainly dispenses with any mental element. *Id.* at § 6.02(b). Furthermore, section 6.03(c) states that if a definition of the offense does not prescribe a culpable mental state, but one is required, then intent, knowledge, or recklessness will suffice. *Id.* at § 6.02(c). The information in this case alleged intentionally and knowingly.

Because the ordinance does not prescribe or dispense with a culpable mental state, a culpable mental state is required. *Id.* at § 6.02(b). Therefore, the penal code sections regarding the culpable mental states must apply. *Id.* at § 1.03(b). Accordingly, the ordinance is constitutional despite the lack of an express culpable mental state.

We overrule point of error three.

### Local Government Code Chapter 243

In point of error five, appellant argues that the ordinance regulates expression beyond the scope permitted by Chapter 243 of the Texas Local Government Code. Specifically, she contends that Chapter 243 permits the regulation of sexually oriented businesses, not the conduct of their employees.

Chapter 243 is the enabling legislation that permits municipalities to regulate sexually oriented businesses. TEX. LOC. GOV'T.CODE ANN. § 243.001 (Vernon 1999). It states that "[t]he legislature finds that the unrestricted operation of certain sexually oriented businesses may be detrimental to the public health, safety, and welfare by contributing to the decline of residential and business neighborhoods and the growth of criminal activity." *Id.* Additionally, Chapter 243 states that "[a] municipality by ordinance or a county by order of the commissioners court may adopt regulations regarding sexually oriented businesses as the municipality or county considers necessary to promote the public health, safety, or welfare." *Id.* at § 243.003. Chapter 243 further states that "[t]his chapter does not diminish the authority of a local government to regulate sexually oriented businesses with regard to *any matters.*" *Id.* at § 243.001(b) (emphasis added). Clearly, the conduct of individual employees, as it relates to activities of the sexually oriented business, falls within the ambit of "any matters."

We overrule point of error five.

### Legitimate State Interest

In point of error six, appellant argues that the ordinance is void because it is not rationally related to a legitimate State interest, violating the First and Fourteenth Amendments.

As stated, whenever an attack upon the constitutionality of an ordinance is presented for determination, a reviewing court must commence with the presumption that the act is valid. *See Ex parte Granviel,* 561 S.W.2d at 511. The individual challenging the act has the burden to establish its unconstitutionality. *Id.*

Because appellant has presented no argument or evidence that this ordinance is not rationally related to a legitimate State interest, she has not met her burden to overcome the presumption of validity. *See id.*

We overrule point of error six.

### Conclusion

We affirm the judgment of the trial court.