Ex parte Chance Renee SMALLEY.

No. 05–04–00908–CR.

Court of Appeals of Texas,
Dallas.

Nov. 9, 2004.

Rehearing Overruled Jan. 3, 2005.

609

Blake Withrow, Dallas, for appellant.

William T. (Bill) Hill, Jr., Melissa C. Dominquez, Dallas, for state.

Before Justices O'NEILL, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice O'NEILL.

Chance Renee Smalley is charged with violating section 41A–18.1(a) of the Dallas City Code. Appellant filed a pretrial application for writ of habeas corpus asserting that the information on which she is being prosecuted is void. Following a hearing, the trial court denied appellant relief. In two points of error, appellant contends the trial court erred in holding that: (1) the legislature properly delegated authority to municipalities to "make any regulation of sexually oriented businesses punishable as a Class A misdemeanor"; and (2) the City of Dallas may regulate personal conduct of employees and customers of sexually ori-

ented businesses by making such conduct punishable as a Class A misdemeanor. We affirm the trial court's order.

## FACTS

Appellant, a dancer at an adult cabaret called Baby Dolls, is charged by information with recklessly touching a customer by rubbing her buttocks against the clothed genitals of the customer while appellant was exposing a portion of her breast, in violation of section 41A–18.1(a) of the Dallas City Code.[1] Appellant filed a pretrial application for writ of habeas corpus challenging the validity of section 41A–18.1. She contended that the provision in section 243.010(b) that makes any violation of a municipal ordinance related to sexually oriented businesses punishable as a Class A misdemeanor is an unconstitutional delegation of authority from the legislature to municipalities because the statute is undefined and grants unlimited authority to municipalities. Following a hearing, the trial court denied appellant relief. This appeal followed.

## APPLICABLE LAW

■ Appellate courts will uphold the trial court's ruling on an application for writ of habeas corpus absent an abuse of discretion. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App.2003). Because the issue of whether the legislature unconstitutionally delegated authority to municipalities is a question of law, we review the trial court's ruling de novo. *See id.; see also Ex parte Martin*, 6 S.W.3d 524, 526 (Tex.Crim.App.1999); *State v. Nkwocha*, 31 S.W.3d 817, 820 (Tex.App.-Dallas 2000, no pet.).

---

1. This subsection provides as follows: "An employee of an adult cabaret, while exposing any specified anatomical areas, commits an offense if the employee touches a customer or the clothing of a customer." *See* DALLAS, TEX., CODE § 41A–18.1(a) (2000).

The power to make law has been placed by the people, through the Constitution, with the legislature. *Ex parte Leslie,* 87 Tex.Crim. 476, 223 S.W. 227, 227 (1920); *see also Tex. Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 466 (Tex.1997) (*Tex. Boll Weevil*). However, the "legislative delegation of power to enforce and apply law is both necessary and proper." *Tex. Boll Weevil,* 952 S.W.2d at 466. Texas courts have generally upheld delegations to state and municipal agencies. *Id.* at 467. Such delegation must establish reasonable standards to guide the entity to which the powers are delegated. *R.R. Comm'n of Tex. v. Lone Star Gas Co.,* 844 S.W.2d 679, 689 (Tex.1992) (quoting *State ex rel. Grimes County Taxpayers Ass'n v. Tex. Mun. Power Agency,* 565 S.W.2d 258, 273 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ dism'd)); *see also Ex parte Leslie,* 223 S.W. at 228.

Chapter 243 of the Texas Local Government Code involves the delegation of legislative authority to municipalities. *See generally* TEX. LOCAL GOV'T CODE ANN. §§ 243.001–.011 (Vernon 1999 & Supp. 2004–05). Therefore, we review the propriety of the delegation under the factors set out in *Housing Authority of the City of Dallas v. Higginbotham,* 135 Tex. 158, 143 S.W.2d 79, 87 (1940), and its progeny. *See Tex. Boll Weevil,* 952 S.W.2d at 472. The court in *Higginbotham* said,

> In the delegation of legislative authority the legislature must set up standards, leaving to selected municipalities the making of those rules and the determination of facts to which legislative policy is to apply. Such standards may be broad where conditions must be considered which cannot be conveniently investigated by the legislature.

*Higginbotham,* 143 S.W.2d at 87. The existence of an area for the exercise of discretion under delegation of authority does not render the delegation unlawful where the standards formulated for guidance, though general, are capable of reasonable application. *See Ex parte Granviel,* 561 S.W.2d 503, 514 (Tex.Crim.App. 1978) (en banc). As long as the statute is sufficiently complete to accomplish regulation of the matter that falls within the legislature's jurisdiction, the matters of detail reasonably necessary to the ultimate application, operation, and enforcement of the law may be expressly delegated to the authority charged with the administration of the statute. *Id.*

We presume a statute is valid, and the challenging party has the burden of showing beyond a reasonable doubt that the statute is invalid. *See id.* at 515. An act will not be declared unconstitutional unless the legislature has clearly exceeded its powers. *Id.*

### ANALYSIS

Appellant argues her two issues together. In sum, she contends that chapter 243 does not permit municipalities to regulate employee/customer conduct as Class A misdemeanors. Appellant asserts that section 243.001(b) gives municipalities authority to regulate such conduct, but only within their Class C misdemeanor penal authority. Appellant further contends that if chapter 243 does permit municipalities to regulate employee/customer conduct as Class A misdemeanors, then it is an unconstitutional delegation of legislative authority. In either case, appellant asserts, section 41A-18.1(a) of the Dallas City Code is void. Appellant recognizes that the two Houston courts of appeals have held that chapter 243 encompasses employee/customer conduct. *See Thompson v. State,* 44 S.W.3d 171, 176 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Haddad v. State,* 9 S.W.3d 454, 459 (Tex.App.-

Houston [1st Dist.] 1999, no pet.). She argues, however, that the Houston courts did not address whether such a delegation of authority was constitutional.

The State responds that chapter 243 does permit municipalities to regulate employee/customer conduct in sexually oriented businesses and to punish violations as Class A misdemeanors. The State also argues that chapter 243 provides sufficient guidance and limitation on the exercise of that authority to make the delegation constitutionally valid.

■ First, we agree with the two Houston courts of appeals that chapter 243 of the local government code does permit municipalities to regulate employee/customer conduct and make violations punishable as Class A misdemeanors. *See Thompson*, 44 S.W.3d at 176; *Haddad*, 9 S.W.3d at 459. Chapter 243 of the local government code grants municipalities the authority to regulate sexually oriented businesses. *See generally* Tex. Local Gov't Code Ann. §§ 243.001–.011. In enacting chapter 243, the legislature found that "the unrestricted operation of certain sexually oriented businesses may be detrimental to the public health, safety, and welfare by contributing to the decline of residential and business neighborhoods and the growth of criminal activity." *Id.* § 243.001(a). The purpose of chapter 243 is to give local governments a means of dealing with this problem. *Id.* The legislature granted municipalities authority to enact ordinances regarding sexually oriented businesses as considered necessary to promote the public health, safety, and welfare. *Id.* § 243.003(a). The legislature also specifically said that chapter 243 does not diminish the authority of local governments to regulate sexually oriented businesses with regards to "*any matters.*" *Id.* § 243.001(b) (emphasis added). While chapter 243 does contain certain provisions related to licensing and

zoning, contrary to appellant's assertion, nothing in the language of section 243.006 or the other sections on which she relies limits the entirety of chapter 243 or the penal provisions of section 243.010 to licensing and zoning. *See generally id.* §§ 243.006–.008.

■ Moreover, we conclude chapter 243 provides sufficient guidance and limitations to municipalities in enacting ordinances regulating employee/customer conduct in sexually oriented businesses. The standards for regulation may be broad where conditions must be considered that cannot be conveniently investigated by the legislature. *See Higginbotham*, 143 S.W.2d at 87. As long as the statute is sufficiently complete to accomplish regulation of the matter that falls within the legislature's jurisdiction, the matters of detail reasonably necessary to the ultimate application, operation, and enforcement of the law may be expressly delegated to the authority charged with the administration of the statute. *Id.*

Section 243.001(a) specifically refers to the public health, safety, and welfare and the criminal activity that springs up around sexually oriented businesses. *See* Tex. Local Gov't Code Ann. § 243.001(a). The chapter defines what types of businesses constitute sexually oriented businesses. *See id.* § 243.002. Municipalities may only adopt regulations concerning sexually oriented businesses that are necessary to promote the public health, safety, or welfare, and those regulations apply only within the corporate limits of the municipality. *See id.* § 243.003(a), (b). The terms "health," "safety," and "welfare" are not defined in chapter 243, so we may give them their ordinary meaning, and the terms are common and easily comprehended. *See Resendiz v. State*, 112 S.W.3d 541, 550 (Tex.Crim.App.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 2098, 158 L.Ed.2d 713

612

(2004). That there are areas for the exercise of discretion under the delegation of authority does not render the delegation unlawful where the standards formulated for guidance, though general, are capable of reasonable application. *See Ex parte Granviel,* 561 S.W.2d at 514. Thus, we conclude chapter 243 does not unconstitutionally delegate authority to municipalities to regulate employee/customer conduct in sexually oriented businesses.

Because chapter 243 permits municipalities to regulate employee/customer conduct and punish violations as Class A misdemeanors and such is not an unconstitutional delegation of authority, we conclude section 41A–18.1(a) of the Dallas City Code is not void. Therefore, the trial court did not abuse its discretion in denying appellant the relief sought by her application for writ of habeas corpus. We overrule appellant's two points of error.

We affirm the trial court's order denying appellant the relief she sought in her application for writ of habeas corpus.