**The STATE of Texas, Appellant,**

v.

**Michelle K. HOWARD, Appellee.**

**No. 05–04–01543–CR.**

Court of Appeals of Texas,
Dallas.

Aug. 17, 2005.

Rehearing Overruled Sept. 30, 2005.

Blake Withrow, Dallas, TX, for Appellee.

Chad Copeland, Dallas, TX, for Appellant.

Before Justices O'NEILL, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice RICHTER.

In this appeal, we must determine whether the trial judge properly granted Michelle K. Howard's motion to quash or dismiss the information charging her with violating the "no touch" provision of the Dallas City Code regulating sexually oriented businesses and the conduct of their employees. *See* DALLAS, TEX., CODE 41A–18.1(a) (2000). After a de novo review of the order granting the motion, *see State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App. 2004), we conclude the trial judge properly granted the motion and affirm the order.

### Background

Howard, a dancer at an adult cabaret, was charged by information with violating the "no touch" provision by "recklessly" rubbing her breasts against a customer's head while exposing her buttocks "which were less than completely and opaquely covered." *See* DALLAS, TEX., CODE §§ 41A–2(4), (29), 41A–18.1(a). Although the information alleged a culpable mental state of "recklessly," the Dallas City Code specifically makes a violation of the "no touch" provision a strict liability offense, criminalizing conduct based on touching alone, regardless of any culpability. *See id.* § 41A–21(b); *Thompson v. State,* 44

S.W.3d 171, 177 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

Prior to trial, Howard moved to quash or dismiss the information arguing, *inter alia,* that because topless/exotic dancing is constitutionally protected expressive conduct, a culpable mental state is required to criminalize contact between the dancer and a customer and the dispensation of a culpable mental state in the "no touch" provision in the Dallas City Code rendered the "no touch" provision void. Additionally, Howard argued the State could not correct "this problem" by alleging the culpable mental state of "recklessly." Agreeing with Howard, the trial judge granted the motion. On appeal, the State argues in two issues that the judge erred in granting Howard's motion because the City of Dallas could properly dispense with the requirements of a culpable mental state under Texas Penal Code section 6.02(b), and even though a culpable mental state was not required, the State properly alleged the culpable mental state of "recklessly."

### Discussion

■ Topless/exotic dancing is constitutionally protected expressive conduct under the First and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. AMENDS. I, XIV; *Barnes v. Glen Theatre, Inc.,* 501 U.S. 560, 565–66, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991); *Kaczmarek v. State,* 986 S.W.2d 287, 290 (Tex.App.-Waco 1999, no pet.); *2300, Inc. v. City of Arlington, Texas,* 888 S.W.2d 123, 127 (Tex.App.-Fort Worth 1994, no pet.). However, this protection does not guarantee a dancer the right to engage in the protected expression at all times and places or in any manner that may be desired. *See Hang On, Inc. v. City of Arlington,* 65 F.3d 1248, 1254 (5th Cir.1995); *2300, Inc.,* 888 S.W.2d at 127. A governmental entity, when acting to further legit-

imate ends of the community, may impose incidental burdens on this protected expression through "content-neutral" regulations of time, place, or manner. *See Hang On, Inc.,* 65 F.3d at 1254; *2300, Inc.,* 888 S.W.2d at 128. An ordinance is content-neutral if it is justified without reference to the content of the regulated speech or expression and serves purposes unrelated to the content of expression. *See City of Renton v. Playtime Theatres,* 475 U.S. 41, 49, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). "No touch" provisions, such as the one at issue here, have been deemed to be content-neutral because they do not discriminate on the basis of the content of the dance performance and are directed toward the secondary effects of adult cabarets, including prostitution, drug dealing, and assault. *2300, Inc.,* 888 S.W.2d at 128; *see also Millennium Rest. Group, Inc. v. City of Dallas, Tex.,* 181 F.Supp.2d 659, 665 (N.D.Tex.2001).

■ Although a governmental entity may regulate protected expression through content-neutral ordinances, its authority to regulate is not unfettered and the ordinance must fall within the bounds of the Constitution. We will find a content-neutral regulation to be constitutional, despite its adverse impact on the exercise of First Amendment rights, if (1) it is within the constitutional power of the government; (2) it furthers an important or substantial governmental interest; (3) the asserted governmental interest is unrelated to the suppression of free expression; and (4) the incidental restrictions on alleged First Amendment freedoms are no greater than is essential to the furtherance of that interest. *Barnes,* 501 U.S. at 566–67, 111 S.Ct. 2456; *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *Millennium,* 181 F.Supp.2d at 666.

■ Here, Chapter 41A of the Dallas City Code was adopted pursuant to chapter 243 of the Texas Government Code, which grants municipalities such as the City of Dallas the authority to regulate sexually oriented businesses and the conduct of their employees, and pursuant to Texas Penal Code section 6.02(b), which provides for the dispensation in the definition of an offense of a culpable mental state. TEX. PEN.CODE ANN. § 6.02(b) (Vernon 2004); TEX. LOC. GOV'T CODE ANN. §§ 243.001–.11; DALLAS, TEX., Code § 41A–1; *Ex parte Smalley*, 156 S.W.3d 608, 611 (Tex.App.-Dallas 2004, pet. granted). Accordingly, the "no touch" provision at issue satisfies the first factor of being within the constitutional power of the government. The provision also satisfies the second factor of "furthering a substantial governmental interest" by serving to prevent prostitution, drug dealing, and assault. *Hang On*, 65 F.3d at 1254. And, for this same reason, it satisfies the third factor of being unrelated to the suppression of free expression. *Id.* However, it fails to satisfy the fourth factor of restricting the protected conduct narrowly to do only what is necessary to prevent the "secondary effects" of adult cabarets. *See Millennium*, 181 F.Supp.2d at 665. Criminalizing the touching of a customer without requiring any culpable mental state criminalizes accidental or inadvertent touching and thus is a greater restriction on free expression than is essential to further the City's interests. *See Hang On*, 65 F.3d at 1254 (rejecting this argument where "no touch" provision required culpable mental state); *Millennium*, 181 F.Supp.2d at 665 (finding section 41A–10 of Dallas City Code, a strict-liability provision also, "suspect" because lack of culpable mental state imposed greater restriction on free expression than essential to further governmental interest). Because it dispenses with a culpable mental state, thereby providing a greater restriction on free expression than is essential to further the City's interests, we conclude the "no touch" provision at issue is unconstitutional and void.

■ We find support for our conclusion in United States Supreme Court holdings requiring a culpable mental state for offenses tending to work a substantial restriction on the freedom of speech and expression. *See New York v. Ferber*, 458 U.S. 747, 765, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (criminal responsibility under child pornography laws may not be imposed without some element of culpability); *Smith v. California*, 361 U.S. 147, 153–55, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) (ordinance dispensing with element of culpability and imposing strict liability on bookseller possessing obscene material void). We also find support for our conclusion in the fact that strict liability is associated with civil violations that incur only a fine and criminal offenses characterized as *malum prohibitum* or "prohibited evil." *See Aguirre v. State*, 22 S.W.3d 463, 472 (Tex. Crim.App.1999); *Thompson*, 44 S.W.3d at 178–79. *Mala prohibita* offenses are acts that are crimes merely because they are prohibited by statute, although they are not necessarily immoral. *Thompson*, 44 S.W.3d at 178. Examples include speeding, illegal dumping of trash, and possession of a firearm while under a domestic restraining order. *Id.* By contrast, offenses requiring a culpability requirement are normally considered *malum in se* or "inherently evil." They are acts that are inherently immoral such as rape, arson, and murder. *Id.* Although regulatory violations are often characterized as *mala prohibita* offenses, under common law, public nudity was classified as a *malum in se* offense. *Barnes*, 501 U.S. at 568, 111 S.Ct. 2456; *Aguirre*, 22 S.W.3d at 477.

Thus, under common law, public nudity would require a culpable mental state.

Our conclusion does not mean that a topless/exotic dancer may freely engage in touching, and we do not pass on the degree of culpability required for a constitutionally permissible prosecution of a topless/exotic dancer who touches a customer. We simply conclude that, as adopted, without a culpable mental state element, the "no touch" provision at issue here is unconstitutional and void. We resolve the State's first issue against it.

Because we conclude the "no touch" provision at issue is unconstitutional and void, we need not address the State's second issue that the charge against Howard can stand because, even though no culpable mental state was required, the information alleges a culpable mental state of "recklessly."

We affirm the trial court's order granting Howard's motion to quash or dismiss the indictment.