

# NUMBER 13-19-00062-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LARRY MARK POLSKY, ESQ.,                                     Appellant,

v.

SHERIFF OMAR LUCIO AND CAMERON COUNTY,          Appellees.

On appeal from the 445th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Larry Mark Polsky, Esq. appeals from the denial of his application for a

sexually oriented business (SOB) permit. He contends that his application should have

been granted because the public beach within 1,500 feet of his property is not a "public

park" as the term is defined by appellee Cameron County's SOB regulations. Polsky also challenges the district court's implied finding in the judgment that appellee Sheriff Omar Lucio was not a proper party.

First, however, the parties dispute whether it was appropriate for the district court to review the Cameron County Commissioners Court's decision for an abuse of discretion. Because we agree with Polsky that the substantial evidence rule is the correct legal standard, we reverse and remand to the district court to consider Polsky's appeal under the appropriate standard of review.

## I. BACKGROUND

Chapter 243 of the Texas Local Government Code delegates legislative authority to local governments to regulate SOBs. TEX. GOV'T CODE ANN. § 243.003(a); *Ex parte Smalley*, 156 S.W.3d 608, 610 (Tex. App.—Dallas 2004, pet. denied). Pursuant to its authority to prohibit SOBs within a certain distance of a specified land use, *see* TEX. GOV'T CODE ANN. § 243.006(a)(2), Cameron County promulgated, among others, a regulation prohibiting SOBs within 1,500 feet of a "public park," defined by the regulations as "any tract of land dedicated for public use and accessible to the general public for recreational purposes, including locations owned by non-profit organizations that provide educational and recreational facilities but not including public roads, walkways, easements, and rights of way." Cameron County, Tex., Regulations for Sexually-Oriented Businesses Operating within Unincorporated Areas of the County §§ V(gg), X(k)(4)(i) (Dec. 21, 2004) (County SOB Regulations).

2

Polsky purchased three lots in the unincorporated area of the County on South Padre Island. It is undisputed that Polsky's property is within 1,500 feet of a public beach that crosses four privately owned lots and borders on the Gulf of Mexico.[1] In 2016, Polsky filed an application with Sheriff Lucio to operate a topless bar on his property. *See* County SOB Regulations § X(a) (requiring applications to be filed with the Cameron County Sheriff).

The Cameron County Commissioners Court held a public hearing on Polsky's application after receiving objections from property owners and City of South Padre Island officials. *See* County SOB Regulations § XIII. Based on the Commissioners Court's finding that "[t]he public beach, which is within 1,500 feet of Mr. Polsky's property is a public park, not owned by Cameron County but dedicated to public use by dedication and implication and used for recreation, swimming, fishing, sunbathing and family uses since time immemorial," Sheriff Lucio denied the application.[2] Pursuant to the County's SOB Regulations, Polsky appealed that decision to the Commissioners Court. *See* County SOB Regulations § XVI(b). After presiding over a contested evidentiary hearing between

---

[1] Gulf Coast public beaches consist of the area from the line of mean low tide to the line of vegetation. *Severance v. Patterson*, 370 S.W.3d 705, 714 (Tex. 2012) (citing TEX. NAT. RES. CODE ANN. § 61.001(8)). The area from mean low tide to mean high tide is known as the "wet beach" while the area from mean high tide to the vegetation line is known as the "dry beach." *Id.* The dry part of a public beach can be State-owned but is often privately owned property on which a public easement has been established. *Id.* at 715. Wet beaches, on the other hand, are owned by the State of Texas and "constitute[] public property that is held in trust for the use and benefit of all the people." *Id.* (quoting *Lorino v. Crawford Packing Co.*, 175 S.W.2d 410, 413 (Tex. 1943)).

[2] Although the County generally delegated authority to Sheriff Lucio to administer, investigate, and approve or deny applications, in this case, because the Commissioners Court held a public hearing and issued written findings, the sheriff was required "to enforce the Court's conclusion." *See* County SOB Regulations § XIII(g).

Polsky and Sherriff Lucio, the Commissioners Court upheld the denial of Polsky's application on the same ground.[3] *See* County SOB Regulations § XVI(d), (e).

Consistent with chapter 243, Polsky sought judicial review of that decision in district court. *See* TEX. LOC. GOV'T CODE ANN. § 243.007(c). In their brief to the district court, the appellees framed the issue before the court as whether the Commissioners Court abused its discretion in finding that Polsky's properties were within 1,500 feet of a public park as defined by the County's SOB regulation. During the final hearing, the district court asked the parties to advise it on the correct standard of review, and the appellees responded that the district court should review the Commissioners Court's findings for an "abuse of discretion, which means that we must have acted arbitrarily, without guiding principles, or that we've otherwise violated the law or the regulation." When the district court expressed doubts about the Commissioners Court's finding, the appellees again pointed to the standard of review, saying that "because of the standard of review, we might not agree, and clearly Mr. Polsky doesn't, but there is no showing here that [the Commissioners Court] acted fraudulently, collusively, or even arbitrarily."

In announcing its decision in open court, the district court specifically referred to the standard of review, saying the Commissioners Court decision did not constitute an "abuse of discretion." Likewise, in its judgment, the district court made a finding that that "the proper standard of review of the decision of the Cameron County Commissioners

---

[3] The initial decision to deny Polsky's application also cited his failure to notify interested property owners as required by the County's SOB Regulations. *See* County SOB Regulation § X(q). This defect was subsequently cured, and the Commissioners Court's decision was based solely on the public park issue.

4

Court is whether the Commissioners Court abused its discretion." The judgment also states that the court's decision was "based on the evidence in the record, the argument of counsel and consideration on an abuse of discretion standard of review." Finally, the judgment makes a finding that "the proper defendant is Cameron County."

This appeal ensued.

## II.    SUBSTANTIAL EVIDENCE IS THE CORRECT STANDARD OF REVIEW

The parties disagree about the standard of review in this case. The County maintains that the Commissioners Court's decision should be reviewed for an abuse of discretion while Polsky argues that the substantial evidence rule is the proper standard.

Contrary to the County's position, when cities and counties undertake the regulation of SOBs, they do so in an administrative capacity, and as such, the denial of an SOB permit is reviewed under the substantial evidence rule. *A.H.D. Hous., Inc. v. City of Houston*, 316 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *City of Arlington v. Centerfolds, Inc.*, 232 S.W.3d 238, 249–50 (Tex. App.—Fort Worth 2007, pet. denied); *Webworld Mktg. Grp. v. Thomas*, 249 S.W.3d 19, 24–25 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *cf. Lindsay v. Sterling*, 690 S.W.2d 560, 562–63 (Tex. 1985) (holding that county's denial of application for alcohol license was administrative in nature; therefore, judicial review was subject to substantial evidence rule). Under this standard, "an appellant bears the burden to prove that the findings, inferences, conclusions, and decisions of the administrative agency are not supported by substantial evidence," defined as more than a scintilla, but less than a preponderance. *Fox v. Medina*, 848 S.W.2d 866, 871 (Tex. App.—Corpus Christi–Edinburg 1993, no writ) (citing *Tex. Health*

*Facilities Comm'n v. Charter Medical–Dall.*, 665 S.W.2d 446, 452–53 (Tex. 1984)). "The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency." *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179,185 (Tex. 1994). Whether an administrative body's findings, inferences, conclusions, and decision are supported by substantial evidence is a question of law subject to de novo review. *Tex. State Bd. of Dental Exam'rs v. Brown*, 281 S.W.3d 692, 701 (Tex. App.—Corpus Christi–Edinburg 2009, pet. denied) (citing *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000)). In this case, the trial court should have reviewed the evidentiary record to determine if substantial evidence supported the Commissioners Court's finding that the public beach within 1,500 feet of Polsky's property is a "public park" as that term is defined by the County's SOB regulations. *See A.H.D. Hous.*, 316 S.W.3d at 217; *Centerfolds*, 232 S.W.3d at 249–50; *Webworld*, 249 S.W.3d at 24–25.

Generally, when a reviewing court applies the wrong legal standard, the judgment should be reversed and the cause remanded to that court for further consideration under the correct standard. *Andrews County v. Sierra Club*, 463 S.W.3d 867, 867 (Tex. 2015) (per curiam); *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 29 (Tex. 1993). The same holds true when judicial review of an administrative decision is conducted under an incorrect legal standard. *Tex. Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors, Inc.*, 92 S.W.3d 477, 485 (Tex. 2002) (reversing court of appeals judgment and remanding to district court for review of ALJ's decision under correct legal standard). Accordingly, without reaching the merits of the appeal, we reverse the district court's judgment and

remand the case to the district court to consider Polsky's appeal under the correct legal standard.

### III.    SHERIFF LUCIO IS A PROPER PARTY

Polsky also contends that the district court erred by dismissing Sheriff Lucio as an improper party.[4] We agree.

"[A]ll persons who have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein, are not only proper parties, but are necessary and indispensable parties." *Scott v. Graham*, 292 S.W.2d 324, 327 (Tex. 1956). In this case, the County designated "the Cameron County Sheriff, through his authorized agents, to investigate, approve, deny, issue, attach conditions to, suspend and revoke Sexually-Oriented Business Permits." County SOB Regulations § II(a). Accordingly, Polsky submitted his SOB application to Sheriff Lucio, and, after denying his application, Sheriff Lucio appeared at the contested evidentiary hearing before Commissioners Court and defended his denial of Polsky's application.[5]  *See* County SOB Regulations § XVI(d) ("At the hearing at which the appeal is considered, the affected party and Sheriff shall have the right to present evidence, call witnesses, and present arguments and authorities."). In

---

[4] Although there is no express language in the judgment dismissing Sheriff Lucio from the appeal, both parties treat the district court's finding that "the proper defendant is Cameron County" as an implied dismissal of Sheriff Lucio.

[5] Sheriff Lucio designated one of his deputies to represent him at the hearing.

other words, as the adverse party in that proceeding, Sheriff Lucio necessarily has an "interest in the subject matter and outcome of the suit."[6] *See id.*

Moreover, from a procedural standpoint, the County's regulatory scheme requires that Sheriff Lucio remain a party until this case becomes final. For example, if this case were remanded to Commissioners Court, Sheriff Lucio would resume his defense of denying Polsky's application. *See* County SOB Regulations § XVI(d). Therefore, the district court erred by dismissing Sheriff Lucio as an improper party.

## IV.    CONCLUSION

The judgment is reversed, and the case is remanded to the district court.

GREGORY T. PERKES
Justice

Delivered and filed the 24th
day of September, 2020.

---

[6] Indeed, as one of the commissioners acknowledged during the hearing, "[Polsky's] argument is against the Sheriff's office."